UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MICHAEL BERGAMASCHI, *et al.*, on behalf of :
themselves and all others similarly situated, :
: 1:20-cv-2817 (CM)
Plaintiffs, :
:
- against - :
:
ANDREW M. CUOMO, Governor of New York :
State, in his official capacity, *et al.*, :
:
Defendants. :
------------------------------------------------------------- X

## DECLARATION OF ANTHONY J. ANNUCCI IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

I, Anthony J. Annucci, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS" or "the Department"). Pursuant to New York State Correction Law §§5 and 7, as Acting Commissioner, I am the Chief Executive Officer of DOCCS. I am responsible for the overall management of the Department. This includes the safe and secure confinement and rehabilitation of over 42,000 individuals in custody at 52 state facilities, as well as the supervision of approximately 35,000 parolees in the community.

2. The facts set forth herein are based on my personal knowledge and/or a review of the documents in my possession. I am familiar with the facts and circumstances of this case and submit this Declaration in opposition to Plaintiffs' motion for a preliminary injunction.

3. The New York State Board of Parole ("Parole Board") is part of DOCCS, but is independent with respect to decision-making.

4. In response to a directive from the Governor in the wake of the COVID-19 pandemic, Department staff, in coordination with Parole Board staff, undertook a review of

parolees detained statewide on a technical parole violation or absconding charge to ascertain their eligibility to have the parole violation warrants lifted.

5. Taking into account the need to ensure the safety of its employees, parolees under its supervision, and the public at large, Department staff, in coordination with Parole Board staff, developed eligibility criteria for a qualifying parole violator to obtain a discretionary review to potentially have the violation warrant lifted. Under the final criteria, the parolee: (i) must have a low-risk score of 3 or 4 using the Correctional Offender Management Profiling for Alternative Sanctions ("COMPAS") clinical assessment tool; (ii) must not have been convicted of a sex offense; (iii) must not suffer from a significant mental illness, meaning the parolee has not been assigned an Office of Mental Health 1-S designation; (iv) must not have a history of domestic violence; (v) must not have engaged in misconduct involving either weapons or violent conduct as the basis for the violation; and (vi) must have an existing residence or have received placement in an approved housing facility.

6. Department staff, in conjunction with Parole Board staff, recently completed this discretionary release review process for all qualifying parole violators in custody on a parole warrant throughout the state. Out of a total of 1534 qualifying cases (including approximately 600 parolees detained at Rikers Island or elsewhere in New York City), the Parole Board determined a total of 760 parolees met the eligibility requirements for discretionary release and had their warrants lifted . Overall, approximately half of all parolees held on a technical violation or absconding charges had their warrants lifted and have been re-released to the community in conformity with the Governor's direction to the Department and the Board of Parole as part of the State's comprehensive response to the COVID-19 pandemic.

7. With respect to the Plaintiffs, Department staff, in coordination with Parole Board staff, determined that neither was eligible for discretionary release under the criteria because

2

Plaintiff Roberson has a COMPAS score that is too high and Plaintiff Bergamaschi has a history of domestic violence and a related alleged parole violation.

8. Going forward, the Department staff, in coordination with Parole Board staff, will continue to review all new qualifying parole violators in custody for discretionary release under these criteria until the exigent circumstances created by the pandemic no longer exist

9. Attached as Exhibit 1 hereto is a true and correct copy of DOCCS Directive 9050 titled "Community Supervision Revocation Process." Directive 9050 describes several steps which must first be undertaken before the issuance of parole warrant is considered for a technical violation, such as a case conference with a bureau chief and investigation of the possible violation, and such a warrant is then only issued by a Senior Parole Officer or higher if the violations are believed to be "in an important respect." Attached as Exhibit 2 hereto is a copy of my memo to Community Supervision, dated April 7, 2020, summarizing the Department's changes in policy and procedure for circumstances when a technical parole violation and absconder warrant can be issued in the future.

Dated: New York, New York
April 10, 2020

_____
ANTHONY J. ANNUCCI

# Exhibit 1