

125 Broad Street, 19th Floor
New York, NY 10004
212.607.3300
212.607.3318 (fax)
www.nyclu.org

Philip Desgranges
Senior Staff Attorney
212.607.3360
pdesgranges@nyclu.org

May 11, 2020

**By ECF**
Honorable Colleen McMahon
Chief Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, N.Y. 10007-1312

      Re: *Bergamaschi v. Cuomo*, 20-cv-02817

Dear Chief Judge McMahon:

      On behalf of the plaintiffs in this putative class action challenging the mandatory detention of people accused of violating parole conditions in New York City jails pending their final parole-revocation hearings, we write in response to the Court's order (ECF No. 33) that the parties come up with a plan of action or state their separate positions on what needs to happen with the record before the Court can entertain further motions. The parties have met and conferred but have not agreed to a joint plan.[1] Accordingly, the plaintiffs respectfully request an expedited case management plan for discovery, summary judgment, and trial.

      Plaintiffs propose that the parties should proceed to discovery of information relevant the parties' claims and defenses and proportional to the needs of the case and respectfully request a schedule in which discovery would be completed by August 3, any motion for summary judgment would be filed by August 28, and the parties' pretrial order and other pretrial submissions would be submitted by September 28.[2] To the extent that the defendants are concerned that the plaintiffs will seek discovery that "goes well beyond their due process claim,"

---

[1] Plaintiffs proposed a case management plan relying on the Court's model plan. Defendants do not dispute that discovery is appropriate before the parties can move forward with summary judgment motions or trial, but they dispute that the Court instructed the parties to come up with a case management plan and, in any event, will not agree to any plan unless the plaintiffs limit the scope of discovery.

[2] Both parties agree that discovery can proceed before the Court rules on plaintiffs' class certification motion. Plaintiffs agreed to give the defendants an extension to oppose their class certification motion and treat May 6, the date the defendants requested an extension, as the date the motion was served. Based on this Court's individual practices and procedures, the defendants' opposition would be due on May 20 and the plaintiffs' reply would be due on May 25.

*see* defendants' letter (ECF 36), their proper recourse is to object to those discovery requests as permitted by the federal rules, rather than demand that the plaintiffs limit the scope of discovery *ab initio*, without any agreement regarding their defenses or other issues they may raise.

A prompt discovery schedule is necessary in light of the grave threat that COVID-19 poses to the class members in New York City's jails and the issue to be decided. In recognition of this acute threat, the defendants agreed to an expedited briefing schedule for plaintiffs' preliminary injunction motion, and this Court promptly resolved that motion. Plaintiffs contend that the putative class members continue to be subjected to an allegedly unconstitutional mandatory-detention regime where they remain exposed to the grave threat that COVID-19 poses in New York City's jails. As of yesterday, three people (two class members) have died after contracting COVID-19 while incarcerated in New York City's jails, 369 people who are currently incarcerated have confirmed cases of COVID-19, and over 1,200 corrections officials and nearly 200 medical officials in New York City's jails have tested positive for COVID-19. A prompt discovery schedule is also appropriate for this case because, as this Court has recognized, there is only one claim to be decided. As a result, the plaintiffs request an expedited schedule to resolve this case in the interest of justice.

Further, the plaintiffs intend to amend the complaint by Tuesday, May 12 to remove the state due process claim and will not add additional claims to their complaint. As a result, plaintiffs seek a prompt resolution of the only question before this Court – whether the defendants' mandatory-detention scheme violates the plaintiffs' due process rights under the Fourteenth Amendment.

Plaintiffs respectfully request that this Court order that a Rule 16 conference be held this week to facilitate a case management plan that will expedite the disposition of this action.

Respectfully submitted,

*/s/Philip Desgranges*
Philip Desgranges
Grace Y. Li*
Molly Biklen
Christopher T. Dunn
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 19th Floor
New York, New York 10004
(212) 607-3300
pdesgranges@nyclu.org

Corey Stoughton
The Legal Aid Society
199 Water Street
New York, NY 10038
212-577-3367

*Attorneys for Plaintiffs*

\*Admission to NY Bar Pending