UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BERGAMASCHI, *et al.*, on behalf of themselves and all others similarly situated,

                        Plaintiffs,

-against-

ANDREW M. CUOMO, Governor of New York State, in his official capacity, *et al.*,

                        Defendants.

No. 20 Civ. 2817 (CM)

ORDER IN RESPONSE TO LETTERS RECEIVED FROM THE PARTIES

McMahon, C.J.:

    I have received letters from the parties indicating that they differ on what discovery is required in order to tee up this case for the inevitable motion for summary judgment.

    Both parties have indicated that an amended complaint will be filed, which will (1) drop the state law claims; (2) not drop the Governor as a defendant; and (3) not add any new claims. The Governor is free to file a motion to dismiss the amended complaint, but that motion will not be decided until the summary judgment motion is filed, because dropping the Governor as a defendant will have no impact whatever on the scope of discovery – which means that, at a very busy time, that technical motion will not rise to the top of the court's do to list.

    I see no need to decide the class certification motion any time soon. I certainly don't intend to hold up action toward the ultimate goal, which is to decide the issue on the merits. Defendants can respond to it on the schedule they propose – response by June 8, reply by June 22. A short briefing schedule is not necessary.

    As for the discovery disputes: since there will be no new claims, I truly can't see that there should be much by way of discovery. Defendants quite properly refer to my discussion of "what this case.....is not about." While plaintiffs are correct that the appropriate mechanism for teeing up discovery disputes is for them to serve demands and Defendants to object to any that are irrelevant, I can already tell you that I will not permit any discovery relating to the risks of the pandemic on the mandatory incarceration of parolees *pendente lite*. As I have already ruled, the pandemic is irrelevant to the resolution of this lawsuit. Either the mandatory detention prescribed by the State is constitutional or it is not. We will not be engaging in any frolics and detours. The ONLY discovery that will be permitted is discovery relating to the *Matthews v.*

*Eldridge* factors, because that is the only discovery that is proper under Fed. R. Civ. P. 26(b)(1). And there really should not be much of that.

      Finally, as to the schedule for the extremely limited discovery that will be available to the parties: Plaintiff's discovery requests should be served, along with their amended complaint, by June 4. Objections from the defendants are due on June 25. Any discovery disputes will be resolved promptly, on short letter briefs, with rulings delivered by teleconference. Discovery should be completed by August 28. Defendant's summary judgment motion filed by September 25. Response and any cross motion due October 23. Reply November 6. Reply on any plaintiff's motion by November 13. All outstanding motions will be decided together – motion to dismiss the Governor, motion for class certification (which may be rendered moot if the case is dismissed), motion(s) for summary judgment. I see no need for greater haste: the issue has lain dormant for 40 years; it should be litigated properly.

Dated: May 18, 2020

                                                                 Chief Judge

BY ECF TO ALL COUNSEL