USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MICHAEL BERGAMASCHI, *et al.*, on behalf of
themselves and all others similarly situated,

        Plaintiff,

-v-

ANDREW M. CUOMO, Governor of New York State, in
his official capacity, *et al.*,

        Defendants.
----------------------------------------------------------------------X

No. 20 Civ. 2817 (CM)

[PROPOSED]
STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER

WHEREAS discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety or security and/or (b) contain information that is confidential under state or federal law,

IT IS HEREBY STIPULATED AND AGREED that:

1. The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2. The parties may designate as confidential information derived or documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which would jeopardize correctional or institutional safety or security, or information that is confidential under state or federal law, which shall be referred to hereafter as "Confidential Material."

3. All transcripts of depositions taken in this Action will be treated as Confidential

1

Material in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraph 2 herein, and such designation must be provided to counsel for the other party in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material.

4.      An inadvertent failure to designate material and documents as Confidential Material may be corrected by supplemental written notice given to the other party's counsel in writing as soon as practicable.

5.      To the extent Plaintiffs' counsel obtained copies of documents described in paragraph 2 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order.

6.      Confidential Materials shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

7.      Access to the Confidential Material shall be limited to:

     a.  Attorneys for Plaintiff;

     b.  Attorneys for Defendants;

     c.  Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

     d.  The parties' respective experts and consultants, to the extent deemed necessary

2

to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

        e.  Individual employees of DOCCS and the Governor's office;

        f.  Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

        g.  The Court.

8.     Access to the Confidential Material shall be limited to the individuals/parties enumerated in Paragraph 7, with the exception that Plaintiffs may view the Confidential Material provided that Plaintiffs do not make any copies of the Confidential Material and promptly return the Confidential Material to their attorney(ies).

9.     Confidential Material may be disclosed pursuant to an order of a court, administrative agency or tribunal with actual or apparent authority over a party's counsel, provided, however, that, in the event that a party's counsel intends to produce documents containing Confidential Material or that contain Confidential Material obtained from such documents in response to such order, the party's counsel shall serve notice of such order upon the opposing party's counsel, identifying by the documents containing Confidential Material to be produced, not less than ten (10) business days prior to the production thereof, to give the opposing party the opportunity to seek a protective order against such production.

10.    Except as provided for in paragraphs 7 and 8 herein, or subsequently consented to in writing by the opposing party's counsel or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material shall

3

not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS.

11. No person receiving Confidential Material pursuant to this Stipulation and Protective Order shall disclose or discuss such Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential Material pursuant to this Stipulation and Protective Order.

12. If a party objects to the designation of any document as Confidential Material such party shall state such objection in writing to the counsel for the party that designated the Confidential Material within fifteen (15) days of the objecting party's receipt of the Confidential Material. Counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within thirty (30) days of the initial objection, request the Court to remove the designation. Any disputed documents shall be treated as Confidential Material until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

13. The Confidential Material shall not be disclosed in open court without first affording the objecting party's counsel an opportunity to contest disclosure and/or admissibility of the Confidential Material.

14. In the event that either party intends to file with the Court any papers that attach or enclose documents containing Confidential Material produced pursuant to this Stipulation and Protective Order or that contain Confidential Material obtained from such documents, that party's counsel shall serve notice of such intention upon the opposing party's counsel, identifying the documents to be filed, not less than ten (10) business days prior to the filing thereof, to give the

4

opposing party the opportunity to request or move the Court to direct that such documents be filed under seal, provided, however, that such notice shall not be construed as a waiver of the attorney-client privilege, attorney work product privilege, or any other applicable privilege or immunity.

15.     Unless otherwise provided in the Local Rules or by Order of the Court, when filing court papers under seal, such papers or documents shall be filed in accordance with the Court's and/or the Southern District of New York ECF rules for filing documents under seal.

16.     Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand.

17.     Confidential Material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

18.     Within thirty (30) days of the conclusion of this Action, the recipient party's counsel shall either return to producing party's counsel all Confidential Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential Material, in whole or in part, and any copies made therefrom or shall notify Defendants' counsel in writing that all such Confidential Material has been destroyed, except that a party's counsel may keep a full set of any pleadings, filings, or exhibits containing Confidential Material provided such counsel continues to treat the Confidential Material in accordance with the terms of this Order.

19.     Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation

5

and Protective Order.

20.   Pursuant to Section VI of the Court's Individual Practices and Procedures, the

following addendum is deemed incorporated into the Parties' Stipulation and Confidentiality

Order.

### ADDENDUM TO CONFIDENTIALITY AND PROTECTIVE ORDER

The parties understand that the Court's "so ordering" of this
stipulation does not make the Court a party to the stipulation or
imply that the Court agrees that documents designated as
"Confidential" by the parties are in fact confidential. It has been this
Court's consistent experience that confidentiality stipulations are
abused by parties and that much material that is not truly
confidential is designated as such. The Court does not intend to be a
party to such practices. The Court operates under a presumption that
the entire record should be publicly available. The Court does not
ordinarily file decisions under seal or redact material from them. If
the Court issues a decision in this case that refers to "confidential"
material under this stipulation, the decision will not be published for
ten days. The parties must, within that ten-day period, identify to the
Court any portion of the decision that one or more of them believe
should be redacted, provide the Court with the purportedly
confidential material, and explain why that material is truly
confidential. The Court will then determine whether the material is
in fact genuinely deserving of confidential treatment. The Court will
only redact portions of a publicly available decision if it concludes
that the material discussed is in fact deserving of such treatment.
The Court's decision in this regard is final. If this addendum is
acceptable to the parties, the Court will sign their proposed
confidentiality stipulation, subject to the addendum. If this
addendum is not acceptable, the Court will not sign the stipulation,
and should allegedly confidential material be produced, the parties
will be referred to the magistrate judge for a document by document
review and decision on whether that document should be subject to
confidential treatment.

Dated: New York, New York
       July 22, 2020

6

**NEW YORK CIVIL LIBERTIES**
**UNION FOUNRDATION**

By: _____

Philip Desgranges
Grace Y. Li
Molly Biklen
Christopher T. Dunn
125 Broad Street, 19th Floor
New York, New York 10004
(212) 607-3300
pdesgranges@nyclu.org
gli@nyclu.org
mbiklen@nyclu.org
cdunn@nyclu.org

Corey Stoughton
The Legal Aid Society
199 Water Street
New York, NY 10038
212-577-3367
cstoughton@legal-aid.org

Attorneys for Plaintiffs

**LETITIA JAMES**
Attorney General
State of New York

By: _____

Andrew Amer
Special Litigation Counsel
Amanda Yoon
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6127
andrew.amer@ag.ny.gov
amanda.yoon@ag.ny.gov

Attorney for Defendants

SO ORDERED:

Dated: ___7/22/2020___

_____
U.S.D.J.

## CERTIFICATION

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in Bergamaschi v. Cuomo, 20 Civ. 2817 (CM), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____        _____

SIGNATURE

_____

PRINT NAME

_____

_____

ADDRESS

_____

TELEPHONE NUMBER

8