

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/2020

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6127

August 17, 2020

Via ECF

The Honorable Colleen McMahon
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

9/14/2020 *[handwritten:]* Depose the plaintiff within 30 days of [payment?] and have done with it. I am not going to waste time endorsing your [...] it's his fault, it's the [...] fault, [...] issues.

Re:   *Bergamaschi, et al. v. Andrew M. Cuomo, et al.,* No. 20 Civ. 02817 (CM)

Dear Chief Judge McMahon,

MEMO ENDORSED

I submit this letter motion on behalf of Defendants in the above-referenced action, pursuant to Rule 37 of the Federal Rules of Civil Procedure and this Court's scheduling order dated May 18, 2020 (Dkt. No. 39) ("Scheduling Order"), for an order striking Plaintiffs' designation of an expert witness as untimely and unnecessary. *See* Scheduling Order at 2 (directing the parties to file "short letter briefs" for the purpose of resolving any discovery disputes promptly). The court-ordered deadline for completing all discovery in this case is August 28, 2020. *Id.* On August 14, 2020 – a mere two weeks before the discovery cut-off – Plaintiffs' counsel advised me for the first time that Plaintiffs were designating an expert witness, that the expert's report would be provided on August 21, and that the expert would be available to sit for a deposition on August 27. For the two independent reasons set forth below, Plaintiffs' expert designation should be stricken.

Plaintiffs' Expert Designation is Untimely and Highly Prejudicial. The court-ordered deadline of August 28, 2020 is the cut-off for *all* discovery in this action, including expert discovery. *See Deluca v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, No. 06 civ. 5474 (JGK), 2008 WL 857492 at *13 (S.D.N.Y. March 31, 2008) ("Courts in this Circuit have routinely held that the deadlines for the completion of 'all discovery' in a scheduling order necessarily includes expert discovery.") (citing cases). Under Rule 26(a)(2), August 28, 2020 is the date by which *all* expert disclosure -- not just the production of an initial expert report under Rule 26(a)(2)(B), but also the production of rebuttal expert reports and all expert depositions – must be completed; as a result, "it was plaintiff[s'] duty to produce [their] expert report[] sufficiently early to permit compliance with the [August 28, 2020] discovery completion date." *Semi-Tech Litigation LLC v. Bankers Trust Co.*, 219 F.R.D. 324, 325 (S.D.N.Y. 2004). Plaintiffs' expert designation on August 14, 2020 (without a report) is untimely as it fails to afford Defendants sufficient time to produce a rebuttal report or complete all

expert depositions by the August 28, 2020 discovery deadline.[1] *See* Fed. R. Civ. P. 26 (a)(2)(D)(ii) (allowing 30 days for service of rebuttal expert report).

Rule 37 authorizes courts to impose sanctions when a party fails to comply with the disclosure rules set forth in the Federal Rules of Civil Procedure. *See Atkins v. County of Orange*, 372 F. Supp. 2d 377, 395 (S.D.N.Y. 2005). "The purpose of the rule is to prevent the practice of 'sandbagging'" an opponent. *Deluca*, 2008 WL 857492 at *12. Rule 37 is self-executing and requires the automatic sanction of preclusion where a party is "without substantial justification" for failing to disclose information required by Rule 26(a) "unless such failure is harmless." Fed. R. Civ. P. 37(c)(1); *see Atkins*, 372 F. Supp. 2d at 395; *Middle Mkt. Fin. Corp. v. D'Orazio*, No. 96 Civ. 8138, 2002 WL 31108260, at *4 (S.D.N.Y. Sept. 23, 2002) ("The 'automatic sanction' for a violation of Rule 26(a) is preclusion."); *Giladi v. Strauch*, No. 94 Civ. 3976, 2001 WL 388052, at *1, 3 (S.D.N.Y. Apr. 16, 2001) ("[P]reclusion is appropriate unless there is 'substantial justification' or the failure to make disclosure is harmless."). Plaintiffs bear the burden of demonstrating that their untimely expert disclosure was substantially justified or will not cause Defendants any harm. *See Atkins*, 372 F. Supp. 2d at 395. They cannot meet their burden.

Plaintiffs maintain their eleventh-hour expert designation was substantially justified because they purportedly could not assess Defendants' defenses until the recent completion of Defendants' document production. This excuse has no merit. Defendants' position in this case was clearly communicated to Plaintiffs on June 25, 2020 in their responses to Plaintiffs' First Set of Interrogatories. Plaintiffs' Interrogatory No. 1 asks Defendants to identify any costs and administrative burdens they would incur by providing as part of the current preliminary hearing any additional procedures to evaluate parolees for release. In response, Defendants stated that the release evaluation could not be incorporated into the existing preliminary hearing and would require a separate, additional hearing presided over by an administrative law judge ("ALJ") because the officer who presides over a preliminary hearing lacks the necessary training and education to conduct the release evaluation. *See* Exhibit A at pp. 1-2. Accordingly, as of June 25, Plaintiffs had notice Defendants intended to argue that the release evaluation requires an additional new hearing presided over by an ALJ. That response, coupled with the voluminous public information Plaintiffs appended to their complaint,[2] was more than sufficient for Plaintiffs to produce an expert report challenging Defendants' position that the evaluation requires an additional hearing. The documents recently produced by Defendants comprise the accounting records that support the quantification of costs associated with providing the additional hearing (staffing, security, hearing facilities, *etc.*) and have no bearing on an expert's ability to offer an opinion on whether or not an additional hearing is necessary.

---

[1] In *Semi-Tech*, Judge Kaplan gave the plaintiff a pass and declined to preclude plaintiff's expert despite the untimely expert disclosure, noting that his decision was only the second case to rule that expert reports produced shortly before the discovery cut-off were untimely. 219 F.R.D. at 325. But he provided notice to the Bar that the publication of his decision meant he was "unlikely to be as charitable again." *Id.* As that "notice" was given 16 years ago, Plaintiffs have no excuse for the untimely designation of their expert in this case.

[2] In response to Defendants' document requests seeking production of all documents Plaintiffs rely on to support key allegations in their complaint, Plaintiffs produced no new documents and instead referenced documents attached to their complaint or otherwise equally accessible to Defendants.

As for the harm, there can be no serious doubt that Defendants are severely prejudiced by the Plaintiffs' untimely expert designation. Plaintiffs' counsel advises he will produce the expert's report on August 21 and make the expert available for deposition on August 27. This is patently insufficient. Obviously, this timing affords Defendants no opportunity whatsoever to retain a rebuttal expert and produce a rebuttal expert report within the time period provided under Rule 26(a)(2)(D)(ii), or to depose Plaintiffs' expert with the benefit of any consultation with a rebuttal expert. Plaintiffs' counsel has offered to consent to any request Defendants might make for an extension of the discovery deadline to allow sufficient time for Defendants to designate a rebuttal expert and produce a rebuttal expert report, but that is cold comfort. Plaintiffs cannot cure the prejudice that arises from their own failure to comply with the discovery deadline by offering to consent to a motion for an extension that Defendants would be forced to file because of Plaintiffs' lack of diligence. To the extent Plaintiffs required additional time to prepare an expert report (for whatever reason), it was incumbent on them to file a motion with the Court seeking that relief. Instead, they chose to ignore the Court's deadline.

<u>Plaintiffs' Expert Will Offer No Assistance to the Court</u>. In determining whether expert testimony is admissible, the Court must inquire into "whether the proposed testimony would be helpful to the trier of fact." *Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005) (quoted in *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 43 (S.D.N.Y. 2016)). "Testimony is properly characterized as 'expert' only if it concerns matters that the [trier of fact] is not capable of understanding on his or her own." *United States v. Mejia*, 545 F.3d 179, 194 (2d Cir. 2008). The only relevant issues in this case are those that relate to the factors in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Scheduling Order at 1. Plaintiffs contend that their expert will opine on issues related to the second and third *Mathews* factors – the risk of an erroneous deprivation of rights from mandatory detention and the probable value of a bail hearing (second factor) and the administrative and financial burdens imposed on the State by the additional bail hearing (third factor). Plaintiffs' expert's CV lists only one potentially relevant area of "expertise" – "expert knowledge of . . . the criminal justice system." Exhibit B. In this non-jury case, it will be for the Court to assess the *Mathews* factors based on the evidence presented. The issues surrounding the impact of mandatory detention and burdens imposed by an additional bail hearing are all well within the Court's experience and understanding, and do not require expert testimony.

\* \* \*

For the reasons set forth above, Defendants respectfully request that the Court grant their motion to strike Plaintiffs' untimely expert designation.

Respectfully submitted,

*/s/ Andrew Amer*
Andrew Amer
Special Litigation Counsel

28 Liberty Street, New York, New York 10005 • Tel.: (212) 416-8601 • Fax: (212) 416-6075 (Not For Service of Papers)
www.ag.ny.gov